**Everett M. CLEATON, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 85–0392–R.

United States District Court,
E.D. Virginia,
Richmond Division.

March 17, 1986.

**292**

Charles H. Cuthbert, Jr., Petersburg, Va., for plaintiff.

Debra J. Prillaman, G. Wingate Grant, Asst. U.S. Attys., for defendant.

## MEMORANDUM

**MERHIGE, District Judge.**

Everett M. Cleaton, plaintiff, brings this action to review the decision of the Secretary denying his 1984 request that his previously denied 1980 claim for Social Security disability benefits be reopened. Jurisdiction is asserted pursuant to 42 U.S.C. § 405(g). The matter is before the Court on plaintiff's objections to the magistrate's recommendation that this action be dismissed.

The Supreme Court, in unmistakable language, made it clear that federal courts do not have jurisdiction to review the Secretary's denial of a request to reopen a previously submitted claim. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). *McGowen v. Harris*, 666 F.2d 60 (4th Cir.1982) is not in conflict with Sanders, and was properly interpreted by the magistrate. Plaintiff's objections to the magistrate's proposed opinion will be overruled. The proposed opinion will be adopted and together with this opinion shall constitute the opinion of the Court herein.

Accordingly, defendant's Motion to Dismiss will be granted.

An appropriate order shall issue.

## MAGISTRATE'S RECOMMENDATION

**DAVID G. LOWE, United States Magistrate.**

Everett M. Cleaton, plaintiff, brings this action to review the decision of the Secretary of Health and Human Services denying his claim for disability insurance benefits. The matter is before the Court on defendant's Motion to Dismiss for lack of jurisdiction.

Plaintiff filed his application for disability benefits on July 7, 1980, alleging the onset of disability to have occurred in June of 1979 due to a pinched nerve in his back. A state agency denied the claim on August 26, 1980.[1] Plaintiff did not seek reconsideration of that determination.[2] Instead, almost four years later, he requested that the 1980 determination be reopened.[3] The

---

1. A state may enter into an agreement with the Secretary permitting a state agency to make initial disability determinations on behalf of the Social Security Administration. 20 C.F.R. §§ 404.1610–404.1613 (1985). The parties have stipulated that Virginia has entered into such an agreement.

2. Reconsideration is the first step in the administrative review proceedings. 20 C.F.R. § 404.907 (1985). The failure to request reconsideration within sixty (60) days may result in a denial of further review. See 20 C.F.R. § 404.900 (1985).

3. Plaintiff specifically disavowed that he was filing a new claim. (TR 74). The Secretary has provided that:
   § 404.987 **Reopening and revising determinations and decisions.**
   (a) *General.* Generally, if you are dissatisfied with a determination or decision made in the administrative review process, but do not re-

quest further review within the stated time period, you lose your right to further review. However, a determination or a decision made in your case may be reopened and revised. After we reopen your case, we may revise the earlier determination or decision.
   (b) *Procedure for reopening and revision.* You may ask that a determination or a decision to which you were a party be revised. The conditions under which we will reopen a previous determination or decision are explained in § 404.988.
20 C.F.R. § 404.987 (1985).
   20 C.F.R. § 404.988 (1985) provides, insofar as may here be pertinent, that:
   § 404.988 **Conditions for reopening.**
   A determination, revised determination, decision, or revised decision may be reopened—
   . . . .
   (b) Within four years of the date of the notice of the initial determination if we find good cause, as defined in § 404.989, to reopen the case; . . . .

state agency to which the matter was referred decided that plaintiff was not disabled because he retained the capacity to perform medium work. Plaintiff requested reconsideration, and on April 26, 1984, he was advised that the previous determination denying his claim was affirmed. Plaintiff filed a request for a hearing and on July 25, 1984, an Administrative Law Judge (ALJ) took further evidence on the issue of plaintiff's disability. However, the ALJ subsequently issued an order dismissing the hearing request, without issuing a decision on the merits. He reasoned that res judicata applied, and that plaintiff had failed to present any new and material evidence to warrant a reopening of the 1980 initial determination. (TR 23). The Appeals Council refused plaintiff's request for review of the dismissal,[4] and this appeal followed.

Plaintiff asserts, and not without support, that the 1984 action of the state agency resulted in a reopening and reconsideration of his 1980 claim for benefits. The 1980 initial determination was based upon findings that plaintiff was not suffering from a severe impairment such as would render him totally disabled for a twelve month period. (TR 71). The findings in the 1984 initial consideration, in contrast, were that plaintiff's impairments were severe, and precluded return to his former occupation as a farmer. It was only because the disability examiners further determined that plaintiff could perform medium work, that plaintiff was found not disabled. (TR 77). In transmitting its deter-

mination, the state agency included the remark, "This revises previous determination dated 8/26/80." (TR 76). Presumably, this action was authorized under 20 C.F.R. § 404.905 (1985). Accordingly, defendant's regulations authorized plaintiff to seek further administrative review. See 20 C.F.R. §§ 404.992–404.994 (1985). The revised initial determination was affirmed on reconsideration. (TR 86–87).[5] Plaintiff requested a hearing, and an ALJ, after taking additional evidence, dismissed the hearing request stating:

> The current request for hearing involves the same claimant, the same pertinent facts, and the same issues that were decided on October 29, 1980. Accordingly, I find that determination is *res judicata;* Mr. Cleaton has failed to submit any new or material evidence which would establish good cause for reopening the previous denial determination or require a different determination at any time prior to June 30, 1982, the date that he last met the special earnings requirements for disability insured status under the Act. The claimant's current request for a hearing is hereby dismissed under Section 404.957(c)(1) with reference to entitlement to benefits through and including that date.

(TR 23).[6]

Judicial review of decisions rendered by the Secretary is authorized in 42 U.S.C. § 405(g), which provides:

Section 404.989 provides:
**§ 404.989  Good cause for reopening.**
(a) We will find that there is good cause to reopen a determination or decision if—
(1) New and material evidence is furnished....

**4.** The Secretary makes a clear distinction between the dismissal of a hearing request, see 20 C.F.R. §§ 404.957–404.959 (1985), and a decision. See 20 C.F.R. §§ 404.953–404.955 (1985). The distinctions are not material to the instant case.

**5.** The regulations do not appear to authorize "reconsideration" of a revised determination. Rather, a written request for a hearing would have been proper. 20 C.F.R. § 404.993(a)

(1985). On the other hand, 20 C.F.R. § 404.994 (1985) seems to contemplate something between a revised initial determination and a hearing. The confusion generated by the Secretary's regulations has led one court to conclude that they are "a model of what regulations addressed mostly to laymen—or even to lawyers—ought not to be...." *Cappadora v. Celebrezze,* 356 F.2d 1, 3 n. 1 (2nd Cir.1966).

**6.** Plaintiff made it explicit that he did not intend to file a new claim when he began his second administrative action. The only request he made was that his disability claim of 1980 be reopened. The comments of the ALJ, which might be interpreted to the contrary, are mere surplusage.

Any individual, after final decision of the Secretary made after a hearing ... may obtain review of such decision by filing a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow....

The Social Security Act requires that the Secretary afford a disability claimant, upon request, reasonable notice and a hearing on an unfavorable determination of disability. But,

> any such request with respect to such decision must be filed within sixty days after notice of such decision is received by the individual making such request.

42 U.S.C. § 405(b)(1). In 1977, the Supreme Court made clear that the review contemplated by § 405(g) is limited to decisions made after a hearing described in 42 U.S.C. § 405(b)(1). *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). It interpreted the language of subsection (b)(1) as providing for only one hearing on any claim. *Sanders,* 430 U.S. at 108, 97 S.Ct. at 985–86. The failure of a claimant to request a hearing within sixty days of the denial of that first claim deprives federal courts of jurisdiction to review the subject matter of the claim, not because of the Secretary's regulations concerning res judicata or discretionary reopenings, but because of the limiting provisions contained in the statutes. The Court emphasized that:

> Congress' determination so to limit judicial review of the *original decision* denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims.

430 U.S. at 108, 97 S.Ct. at 986 (emphasis added).

The Secretary may provide for his own additional review of decisions which are not timely appealed as required in § 405(b)(1). However, his review with re-spect to any such decisions is purely discretionary, and not subject to judicial review because:

> ... the opportunity to reopen final decisions and any hearings convened to determine the propriety of such actions are afforded by the Secretary's regulations and not by the Social Security Act.

430 U.S. at 108, 97 S.Ct. at 986. It follows that any decision resulting in the denial of a previously unappealed claim is not subject to judicial review notwithstanding a claimant might have been entitled to full administrative review under the Secretary's own regulations.

Unfortunately, there is some language in *McGowen v. Harris,* 666 F.2d 60 (4th Cir. 1982), which on its face seems to conflict with the decision in *Sanders.* The *McGowen* Court did not have the administrative record before it, and its discussion of the facts was very limited, as the Court itself noted. 666 F.2d 63 n. 1.[7]

In *McGowen,* the claimant filed an application for child's benefits, which was denied in 1976 because he had failed to establish that he was the child of the wage earner through whom he claimed benefits.[8] No review was sought, but in 1978 a second application for benefits was filed, together with evidence establishing the paternity of the wage earner. The claim was denied on grounds that paternity alone was insufficient to establish that the claimant was the "child" of the wage earner within the meaning of the Act. The claimant sought, and was granted, a hearing. However, the ALJ, after taking additional evidence, held that the claimant had failed to present new and material evidence to show that he qualified as the child of the wage earner, and that the doctrine of administrative res judicata applied to bar the second claim. The district court dismissed the case on grounds that it lacked jurisdiction

---

7. More recently, the court warned that the McGowen opinion must be viewed with full appreciation of the difficulties in rendering a decision in the absence of a complete record. *Robinson v. Heckler,* 783 F.2d 1144, 1147 n. 7 (4th Cir.1986).

8. Actually, it was plaintiff's mother who filed the claim on his behalf. The fact is of no relevance to the instant discussion.

to determine the case in view of the Secretary's decision to apply res judicata.

The Court of Appeals did not agree, but affirmed the decision on grounds that the application of res judicata was proper. It held first that jurisdiction existed to determine whether the Secretary's decision that the 1976 and 1978 claims were the same for res judicata purposes, and second that the Secretary had properly applied res judicata to bar the second claim. In doing so, the Court stated:

> By the same token, even though the subsequent claim be the same claim for res judicata purposes, if it has nevertheless been reconsidered on the merits to any extent and at any administrative level, it is thereupon properly treated as having been, to that extent, reopened as a matter of administrative discretion under 20 C.F.R. § 404.989 (1981) (superseding 20 C.F.R. 404.958 (1980)). In that event a final decision of the Secretary denying the claim is also subject to judicial review to the extent of the reopening, without regard to the expressed basis for the Secretary's denial....

*McGowen* 666 F.2d at 65–66 (citation omitted). It is this language upon which plaintiff seizes to argue that this court has jurisdiction to review the Secretary's decision refusing to review the 1980 claim.

The only issue before the *McGowen* Court was the propriety of the application of the Secretary's regulations to bar relitigation in 1978 of an *issue* adjudicated in the 1976 claim proceedings—i.e., whether the claimant was the "child" of the wage earner. Nothing in the *Sanders* decision would preclude judicial review of the Secretary's decision to apply her own regulations to a *subsequent* claim. But, *Sanders* does establish that any decision with regard to the previous claim itself is not subject to judicial review. The "reopening" and "reconsideration" to which the *McGowen* Court referred was with regard to the is-

sues raised in the earlier claim, not to the claim itself.

 In the instant case, plaintiff sought nothing other than a reopening of his 1980 claim. It does not matter whether his claim was reconsidered by the state agency or not, or whether the 1984 decision be termed a revised initial determination or anything else. Plaintiff did not request a § 405(b)(1) hearing within sixty days of the denial of his 1980 claim. That is the undeniable and operative fact. This Court lacks jurisdiction to review the Secretary's denial of that claim, not because of the Secretary's application of res judicata, or any other regulation, but because the Social Security Act itself prohibits such judicial review. *Sanders v. Califano*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

Accordingly, this action will be dismissed and an appropriate order shall issue.[9]

---

9. To the extent that earlier unreported decisions of this Court are in conflict with this decision, they are specifically overruled.