825 F.2d 407
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James M. MAGDA, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 87-2542
 United States Court of Appeals, Fourth Circuit.
 Submitted June 9, 1987.
Decided July 21, 1987.
 
 Charles Henry Cuthbert, Jr., for appellant.
 Robert William Jaspen, Office of U. S. Attorney; Deborah Fitzgerald, U.S. Department of Health & Human Services, for appellee.
 Before HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 James M. Magda's First claim for social security disability payments was denied initially and on reconsideration. Magda's second claim, which also alleged disability commencing in 1978, similarly was denied initially and, on January 23, 1981, by final decision of the Appeals Council. He filed a third claim, again alleging disability beginning in 1978. In the numerous proceedings that followed, both at the administrative and district court levels, the doctrine of administrative res judicata was invoked to foreclose reconsideration of whether disability existed prior to January 23, 1981.*
 
 
 2
 The lower court's most recent invocation of that doctrine was based on its decision in Cleaton v. Bowen, 632 F. Supp. 291 (E.D. Va. 1986). However, that decision was reversed on appeal. Cleaton v. Secretary, 815 F.2d 295 (4th Cir., 1987). In Cleaton, the Court quoted the following language from McGowen v. Harris, 666 F.2d 60 (4th Cir. 1981):
 
 
 3
 even though the subsequent claim be the same claim for res judicata purposes, if it has nevertheless been reconsidered on the merits to any extent and at any administrative level, it is thereupon properly treated as having been, to that extent, reopened as a matter of administrative discretion. . . . In that event a final decision of the Secretary denying the claim is also subject to judicial review to the extent of the reopening, without regard to the expressed basis for the Secretary's denial.
 
 
 4
 Id. at 65-66.
 
 
 5
 Magda has moved to remand this case to the district court for reconsideration in light of Cleaton. The Secretary does not oppose such a remand.
 
 
 6
 We therefore vacate the district court's decision to the extent that it refused to consider whether Magda was disabled beginning in 1978. Magda's motion is granted, and the case is remanded for resolution of this issue in light of this Court's decision in Cleaton. As the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The district court record incorrectly refers at some points to January 23, 1983 as the relevant date for res judicata purposes