867 F.2d 608
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Everett M. CLEATON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-3884.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 9, 1988.
Decided: Jan. 20, 1989.
 
 Charles H. Cuthbert, Jr. (Cuthbert Law Offices, on brief), for appellant.
 Deborah Fitzgerald, Assistant Regional Counsel (Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigationn Division, Department of Health and Human Services; Henry E. Hudson, United States Attorney, G. Wingate Grant, Assistant United States Attorney, on brief), for appellee.
 Before WIDENER, SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Everett M. Cleaton appeals from the denial of his application for attorney's fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C.A. Sec. 2412 (West 1978 & Supp.1988). We affirm.
 
 I.
 
 2
 In 1980 Cleaton applied for social security disability benefits. Although he did not seek a redetermination of the initial denial of benefits at that time, Cleaton requested that the earlier determination be reopened in 1984. 20 C.F.R. Sec. 404.988. The request to reopen was denied both initially and on reconsideration. After a hearing, the administrative law judge (ALJ) denied the request on the ground of res judicata. 20 C.F.R. Sec. 404.957(c)(1). The ALJ also found that there was no new and material evidence to alter the 1980 denial determination. 20 C.F.R. Sec. 404.989. The Appeals Council denied his request for review, and the decision of the ALJ became the final decision of the Secretary.
 
 
 3
 Cleaton then filed an action for judicial review in district court. The court dismissed the action, holding that it lacked subject matter jurisdiction over the denial of the request to reopen under 42 U.S.C.A. Sec. 405(g) (West 1983) and Califano v. Sanders, 430 U.S. 99 (1977). Cleaton v. Bowen, 632 F.Supp. 291 (E.D.Va.1986). On appeal this court reversed, finding that under the principles enunciated in McGowen v. Harris, 666 F.2d 60 (4th Cir.1981), the Secretary had reopened the earlier determination. Cleaton v. Secretary, 815 F.2d 295 (4th Cir.1987). The case was remanded to the district court which in turn remanded to the Secretary for further review.
 
 
 4
 After the Secretary ultimately granted him benefits, Cleaton sought approval of attorney's fees under 42 U.S.C.A. Sec. 406(b) (West 1983). The district court approved a reasonable fee under section 406(b) from which neither party appeals. Cleaton also filed an EAJA application for an award of attorney's fees and expenses. The court denied this application, finding that the position of the Secretary had been "substantially justified."
 
 II.
 
 5
 The Equal Access to Justice Act provides that:
 
 
 6
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 7
 28 U.S.C.A. Sec. 2412(d)(1)(A). The position of the Secretary was "substantially justified" if it had a "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. ----, 101 L.Ed.2d 490, 504-05 (1988); Anderson v. Heckler, 756 F.2d 1011, 1013 (4th Cir.1985). We find that the district court did not abuse its discretion in determining that the position of the Secretary was substantially justified. Pierce, 101 L.Ed.2d at 500.
 
 
 8
 Section 405(g) provides for judicial review "after any final decision of the Secretary made after a hearing." In Califano the Supreme Court held that, absent a constitutional challenge, denial of a petition to reopen a prior final decision is not subject to judicial review under section 405(g). 430 U.S. 107-09. In McGowen this court held that:
 
 
 9
 [I]f [a claim] has nevertheless been reconsidered on the merits to any extent and at any administrative level, it is thereupon properly treated as having been, to that extent, reopened as a matter of administrative discretion.... In that event a final decision of the Secretary denying the claim is also subject to judicial review to the extent of the reopening, without regard to the expressed basis for the Secretary's denial.
 
 
 10
 666 F.2d at 65-66 (citation omitted). There, this court found that the Secretary had not reopened a claim by making a threshold inquiry into the nature of proffered new evidence. Id. at 66-67.
 
 
 11
 Here, the Secretary argued persuasively to the district court that McGowen was distinguishable from Cleaton's case and that Califano mandated dismissal for lack of subject matter jurisdiction. The fact that this court ultimately rejected the position of the Secretary does not automatically mean it was not substantially justified. Since the pertinent holding in McGowen had not been directly applied by this court in any other cases at that time, the Secretary had a reasonable basis for attempting to limit it to its facts and relying on the Supreme Court precedent in Califano.
 
 
 12
 AFFIRMED.