966 F.2d 1444
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roberta H. STEPP, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Healt and Human Services,
Defendant-Appellee.
 No. 91-1186.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 5, 1992
Decided: June 23, 1992
 
 George H. Thomason, Thomason & French, Spartanburg, South Carolina, for Appellant.
 Stuart M. Gerson, Assistant Attorney General, Donald A. Gonya, Chief Counsel for Social Security, Randolph W. Gaines, Deputy Chief Counsel for Social Security, John M. Sacchetti, Chief, Retirement, Survivors and Supplemental Assistance Litigation Branch, Ira E. Ziporkin, Office of the General Counsel, United States Department of Health & Human Services, Baltimore, Maryland; E. Bart Daniel, United States Attorney, Columbia, South Carolina, for Appellee.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Roberta H. Stepp appeals from a decision of the district court finding that it lacked jurisdiction under 42 U.S.C.s 405(g) (1988), to review a decision of the Secretary of Health and Human Services refusing to reopen a previously filed application for social security disability benefits. We affirm.
 
 
 2
 Stepp filed her first application for social security disability insurance benefits in January 1984, alleging that she had been disabled since July 31, 1981. The Secretary denied this application in March 1984, and again after reconsideration in June 1984. Stepp did not seek further review of the denial of this application.
 
 
 3
 In October 1984 Congress enacted Pub. L. No. 98-640, the Social Security Disability Benefits Reform Act of 1984. This statute required the Secretary to promulgate new criteria for determining mental impairments. The required regulations were adopted in August 1985 and were less restrictive than those which had applied previously.
 
 
 4
 In August 1988 Stepp filed a second application for disability insurance benefits, again alleging that her disability commenced on July 31, 1981. Among the conditions listed by Stepp was depression. In September 1988 the Secretary found disability to be established as of January 17, 1984. In November 1988 Stepp filed a request for reconsideration challenging the finding of a January 1984 onset date and seeking reopening and payment on her initial application. In January 1989 the Secretary reaffirmed his decision finding the onset date to be January 17, 1984. Stepp did not seek further review of this decision.
 
 
 5
 In April 1989 Stepp sought a hearing before an Administrative Law Judge ("ALJ") limited to the issue of the reopening of the initial application. The issue before the ALJ was whether the finding of a disability as of January 17, 1984, constituted a "de facto" reopening of the first application. The ALJ ruled that the second application was filed more than four years after the initial determination denying the 1984 application and therefore, pursuant to 20 C.F.R.s 404.988(b) (1991), was not capable of being reopened unless one of the conditions set forth in 20 C.F.R. § 404.988(c) was met. He further ruled that none of these exceptions applied. Stepp pursued an appeal to the Appeals Council, again limited solely to the reopening issue. The Council affirmed, finding that the second application was filed beyond the four year limit in 20 C.F.R. § 404.988(b) and therefore the first decision was unreviewable. It likewise affirmed the finding that no exception was available under 20 C.F.R. § 404.988(c).
 
 
 6
 Stepp then filed the present application for review in the district court. The district court granted the Secretary's motion to dismiss, finding that it lacked jurisdiction under 42 U.S.C.s 405(g) (1988) to review the Secretary's decision not to reopen the case. Stepp filed a timely notice of appeal.
 
 
 7
 Generally, federal courts are without jurisdiction under § 405(g) to review decisions of the Secretary which refuse to reopen a claim for benefits. Califano v. Sanders, 430 U.S. 99, 107-09 (1977). This Court has, however, created an exception to this rule where the Secretary in effect reopens a case which otherwise would have been barred on res judicata grounds. See Cleaton v. Secretary, Dep't of Health and Human Servs., 815 F.2d 295, 298 (4th Cir. 1987); McGowen v. Harris, 666 F.2d 60, 65-66 (4th Cir. 1981).
 
 
 8
 We agree with the Secretary that the rule announced in these cases is inapplicable to the present facts for two reasons. The intervening change in the governing regulations required the Secretary to conduct an entirely new investigation to determine Stepp's eligibility. Thus the Secretary did not reopen the first proceeding, but conducted an entirely distinct examination which, by necessity, covered some of the same evidence. Additionally, Stepp's second application was filed more than four years after the denial of her first application. The first application was therefore not subject to being reopened. 20 C.F.R. § 404.988(b). None of the exceptions to this time limitation are available to Stepp. 20 C.F.R. § 404.988(c). The rule in McGowen therefore does not apply. Robinson v. Heckler, 783 F.2d 1144, 1146 (4th Cir.), cert. denied, 476 U.S. 1172 (1986).
 
 
 9
 Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED