[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1566

KAREN A. POISSON
FOR NICHOLAS D. POISSON,

Plaintiff, Appellant,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Selya, Stahl and Lynch,
Circuit Judges.

Matthew B. Cox and Burns, Bryant, Hinchey, Cox & Rockefeller,
P.A. on brief for appellant.
Paul M. Gagnon, United States Attorney, Arthur J. Fried,
General Counsel, Charlotte J. Hardnett, Principal Deputy General
Counsel, John M. Sacchetti, Associate General Counsel, and Karen J.
Aviles, Attorney, Office of the General Counsel, on brief for
appellee.

December 11, 1998

Per Curiam. In this action for a retroactive award of
child's insurance benefits, claimant Karen Poisson, on behalf
of her son Nicholas, appeals from a judgment dismissing the
suit for lack of jurisdiction. The district court based its
decision on Califano v. Sanders, 430 U.S. 99, 107-09 (1977),
which held that the Commissioner's denial of a request to
reopen an earlier claim is ordinarily not subject to judicial
review. While this rule is not without exception, claimant has
advanced no reason why it should not apply here. We therefore
affirm. 
On July 1, 1989, several weeks after claimant became
pregnant, her boyfriend Daniel Gagne was tragically killed in
a motorcycle accident (without learning of the pregnancy). 
Nicholas was born on March 15, 1990. Soon thereafter, claimant
applied for child's benefits but was unable to prove Gagne's
paternity. Her claim was thus denied both initially (on May 6,
1990) and on reconsideration (four months later); no further
review was sought. Instead, allegedly heeding advice given to
her by agency personnel, claimant turned to state court in an
attempt to obtain a paternity decree. On November 8, 1994, a
settlement was reached with Gagne's parents (and approved by
the court) acknowledging that Gagne was Nicholas' father.
Armed with this new evidence, claimant filed a second
application for child's benefits on November 10, 1994--only to
discover that she had missed, by some six months, the four-year
deadline for reopening her first claim. See 20 C.F.R. 
404.988(b) (permitting reopening for "good cause" within four
years of date of notice of initial determination); id. 
404.989(a)(1) (defining good cause to include "new and material
evidence"). As a result, she was successful only in part. The
agency agreed to award benefits on a prospective basis
(commencing in May 1994), but refused to reopen the first
application so that benefits could be awarded retroactively to
1990. Claimant sought review of this latter ruling, first
before an Administrative Law Judge (ALJ) and then before the
Appeals Council, but to no avail. Her ensuing federal court
action, as mentioned, was dismissed for lack of jurisdiction. 
Claimant now appeals from this determination.
In contending that the district court had jurisdiction to
entertain her suit, claimant advances a pair of contentions. 
First, she argues that she has satisfied the exception
recognized by the Sanders Court for claims involving a
colorable constitutional issue. See 430 U.S. at 109. Yet the
constitutional claim she attempted to articulate below--that
the Commissioner effectively requires that illegitimate
children establish paternity solely by way of a court order, in
contravention of due process and equal protection--is factually
belied by the record. And the separate claim she appears to be
advancing on appeal--that the immutable nature of paternity
renders the denial of retroactive benefits in this context
arbitrary and irrational--was not raised below, is
unaccompanied by developed argumentation, and appears dubious. 
Cf. Shepherd ex rel. Shepherd v. Chater, 932 F. Supp. 1314,
1317-18 (D. Utah 1996) (upholding statutory twelve-month limit
on retroactive child's benefits against constitutional attack).
Alternatively, claimant asserts that because the 1990 and
1994 applications both hinged on the issue of paternity, the
Commissioner "constructively" reopened the former when he
favorably addressed the latter. And to that extent, claimant
argues, the decision is subject to review. See, e.g., McGowen
v. Harris, 666 F.2d 60, 65-66 (4th Cir. 1981). Admittedly, it
is difficult to dispute that "[t]he ALJ of necessity
reconsidered the merits of the earlier claim when granting the
later one, because the claims were identical." Bolden ex rel.
Bolden v. Bowen, 868 F.2d 916, 918 (7th Cir. 1989); accord
Whitlock v. Chater, 959 F. Supp. 324, 331 (W.D. Va. 1997). As
a result, if a reopening were possible here, it might well be
appropriate to conclude that a de facto reopening had occurred
(despite the ALJ's specific language to the contrary). Cf.
Taylor ex rel. Peck v. Heckler, 738 F.2d 1112, 1114-15 (10th
Cir. 1984) (finding de facto reopening where first and second
claim, filed three years apart, were each rejected for
insufficient proof of paternity).
Yet we need not decide that issue, inasmuch as a reopening
was not authorized here. Claimant did not satisfy any of the
criteria in 20 C.F.R. 404.988(c) permitting reopening "at any
time." See, e.g., Robinson v. Heckler, 783 F.2d 1144, 1146 n.3
(4th Cir. 1986). And as mentioned, she missed the four-year
deadline that governs reopenings for "good cause." It is well
settled that the Commissioner lacks discretion to reopen a
claim, whether on a de facto basis or otherwise, except as
permitted by regulation. See, e.g., King v. Chater, 90 F.3d
323, 325 (8th Cir. 1996); Boock v. Shalala, 48 F.3d 348, 352
(8th Cir. 1995) (Campbell, J., sitting by designation, for the
court); Coates ex rel. Coates v. Bowen, 875 F.2d 97, 102 (7th
Cir. 1989). And in circumstances similar to those here, courts
have relied on this same rationale to withhold retroactive
child's benefits where paternity (or dependency) was only
established in a subsequent claim filed more than four years
after the first. See, e.g., Hall v. Chater, 52 F.3d 518, 520-
21 (4th Cir. 1995); Bolden, 868 F.2d at 917-19; Robinson, 783
F.2d at 1146; Whitlock, 959 F. Supp. at 332.
Such a result is admittedly harsh. We note, for example,
that claimant has acted with reasonable diligence throughout. 
More important, as she emphasizes, the fact of paternity cannot
change over time. Nonetheless, the administration of social
welfare programs requires prophylactic rules, which unavoidably
will often fit only roughly when applied to individual
situations. See, e.g., Weinberger v. Salfi, 422 U.S. 749, 769
(1975). Because the applicable rules prohibit a reopening
here, we conclude that no de facto reopening occurred. We
therefore agree that the district court was without
jurisdiction in light of the Sanders decision.
Affirmed.