USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1566

 KAREN A. POISSON
 FOR NICHOLAS D. POISSON,

 Plaintiff, Appellant,

 v.

 COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Paul J. Barbadoro, U.S. District Judge]

 Before

 Selya, Stahl and Lynch,
 Circuit Judges.
 
 
 
 
 Matthew B. Cox and Burns, Bryant, Hinchey, Cox & Rockefeller,
P.A. on brief for appellant.
 Paul M. Gagnon, United States Attorney, Arthur J. Fried,
General Counsel, Charlotte J. Hardnett, Principal Deputy General
Counsel, John M. Sacchetti, Associate General Counsel, and Karen J.
Aviles, Attorney, Office of the General Counsel, on brief for
appellee.

December 11, 1998

 
 
 Per Curiam. In this action for a retroactive award of
 child's insurance benefits, claimant Karen Poisson, on behalf
 of her son Nicholas, appeals from a judgment dismissing the
 suit for lack of jurisdiction. The district court based its
 decision on Califano v. Sanders, 430 U.S. 99, 107-09 (1977),
 which held that the Commissioner's denial of a request to
 reopen an earlier claim is ordinarily not subject to judicial
 review. While this rule is not without exception, claimant has
 advanced no reason why it should not apply here. We therefore
 affirm. 
 On July 1, 1989, several weeks after claimant became
 pregnant, her boyfriend Daniel Gagne was tragically killed in
 a motorcycle accident (without learning of the pregnancy). 
 Nicholas was born on March 15, 1990. Soon thereafter, claimant
 applied for child's benefits but was unable to prove Gagne's
 paternity. Her claim was thus denied both initially (on May 6,
 1990) and on reconsideration (four months later); no further
 review was sought. Instead, allegedly heeding advice given to
 her by agency personnel, claimant turned to state court in an
 attempt to obtain a paternity decree. On November 8, 1994, a
 settlement was reached with Gagne's parents (and approved by
 the court) acknowledging that Gagne was Nicholas' father.
 Armed with this new evidence, claimant filed a second
 application for child's benefits on November 10, 1994--only to
 discover that she had missed, by some six months, the four-year
 deadline for reopening her first claim. See 20 C.F.R. 
 404.988(b) (permitting reopening for "good cause" within four
 years of date of notice of initial determination); id. 
 404.989(a)(1) (defining good cause to include "new and material
 evidence"). As a result, she was successful only in part. The
 agency agreed to award benefits on a prospective basis
 (commencing in May 1994), but refused to reopen the first
 application so that benefits could be awarded retroactively to
 1990. Claimant sought review of this latter ruling, first
 before an Administrative Law Judge (ALJ) and then before the
 Appeals Council, but to no avail. Her ensuing federal court
 action, as mentioned, was dismissed for lack of jurisdiction. 
 Claimant now appeals from this determination.
 In contending that the district court had jurisdiction to
 entertain her suit, claimant advances a pair of contentions. 
 First, she argues that she has satisfied the exception
 recognized by the Sanders Court for claims involving a
 colorable constitutional issue. See 430 U.S. at 109. Yet the
 constitutional claim she attempted to articulate below--that
 the Commissioner effectively requires that illegitimate
 children establish paternity solely by way of a court order, in
 contravention of due process and equal protection--is factually
 belied by the record. And the separate claim she appears to be
 advancing on appeal--that the immutable nature of paternity
 renders the denial of retroactive benefits in this context
 arbitrary and irrational--was not raised below, is
 unaccompanied by developed argumentation, and appears dubious. 
 Cf. Shepherd ex rel. Shepherd v. Chater, 932 F. Supp. 1314,
 1317-18 (D. Utah 1996) (upholding statutory twelve-month limit
 on retroactive child's benefits against constitutional attack).
 Alternatively, claimant asserts that because the 1990 and
 1994 applications both hinged on the issue of paternity, the
 Commissioner "constructively" reopened the former when he
 favorably addressed the latter. And to that extent, claimant
 argues, the decision is subject to review. See, e.g., McGowen
 v. Harris, 666 F.2d 60, 65-66 (4th Cir. 1981). Admittedly, it
 is difficult to dispute that "[t]he ALJ of necessity
 reconsidered the merits of the earlier claim when granting the
 later one, because the claims were identical." Bolden ex rel.
 Bolden v. Bowen, 868 F.2d 916, 918 (7th Cir. 1989); accord
 Whitlock v. Chater, 959 F. Supp. 324, 331 (W.D. Va. 1997). As
 a result, if a reopening were possible here, it might well be
 appropriate to conclude that a de facto reopening had occurred
 (despite the ALJ's specific language to the contrary). Cf.
 Taylor ex rel. Peck v. Heckler, 738 F.2d 1112, 1114-15 (10th
 Cir. 1984) (finding de facto reopening where first and second
 claim, filed three years apart, were each rejected for
 insufficient proof of paternity).
 Yet we need not decide that issue, inasmuch as a reopening
 was not authorized here. Claimant did not satisfy any of the
 criteria in 20 C.F.R. 404.988(c) permitting reopening "at any
 time." See, e.g., Robinson v. Heckler, 783 F.2d 1144, 1146 n.3
 (4th Cir. 1986). And as mentioned, she missed the four-year
 deadline that governs reopenings for "good cause." It is well
 settled that the Commissioner lacks discretion to reopen a
 claim, whether on a de facto basis or otherwise, except as
 permitted by regulation. See, e.g., King v. Chater, 90 F.3d
 323, 325 (8th Cir. 1996); Boock v. Shalala, 48 F.3d 348, 352
 (8th Cir. 1995) (Campbell, J., sitting by designation, for the
 court); Coates ex rel. Coates v. Bowen, 875 F.2d 97, 102 (7th
 Cir. 1989). And in circumstances similar to those here, courts
 have relied on this same rationale to withhold retroactive
 child's benefits where paternity (or dependency) was only
 established in a subsequent claim filed more than four years
 after the first. See, e.g., Hall v. Chater, 52 F.3d 518, 520-
 21 (4th Cir. 1995); Bolden, 868 F.2d at 917-19; Robinson, 783
 F.2d at 1146; Whitlock, 959 F. Supp. at 332.
 Such a result is admittedly harsh. We note, for example,
 that claimant has acted with reasonable diligence throughout. 
 More important, as she emphasizes, the fact of paternity cannot
 change over time. Nonetheless, the administration of social
 welfare programs requires prophylactic rules, which unavoidably
 will often fit only roughly when applied to individual
 situations. See, e.g., Weinberger v. Salfi, 422 U.S. 749, 769
 (1975). Because the applicable rules prohibit a reopening
 here, we conclude that no de facto reopening occurred. We
 therefore agree that the district court was without
 jurisdiction in light of the Sanders decision.
 Affirmed.