**Tom FARLEY, Plaintiff-Appellee,**

v.

**Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellant.**

**No. 78–1225.**

United States Court of Appeals, Fourth Circuit.

Argued March 8, 1979.

Decided June 7, 1979.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Robert B. King, U. S. Atty., Charleston, W. Va., and Alan M. Grochal, Atty., Dept. of Health, Education and Welfare, Washington, D. C., on brief, for defendant-appellant.

Amos Wilson, Logan, W. Va., John R. Mitchell, Charleston, W. Va. (Di Trapano, Mitchell, Lawson & Field, Charleston, W. Va., on brief), for plaintiff-appellee.

Before BUTZNER and PHILLIPS, Circuit Judges and DUMBAULD,* Senior United States District Judge.

DUMBAULD, Senior District Judge:

Appellant filed a claim for disability benefits under the Social Security Act, 42 U.S.C. 423, on February 22, 1971. His claim was denied on April 2, 1971, on the ground that he was not disabled, so as to be entitled to benefits, at any time on or before June 30, 1968, when his insured status expired. No judicial review was sought. On December 1, 1972, he filed a second claim, which was granted, effective March 31, 1969. On protest by the Bureau of Disability Insurance, pointing out that appellant's insured status had expired before March 31, 1969, the Appeals Council *sua sponte* remanded the application for further hearing, which was duly held, appellant being represented by counsel. Following this hearing, the agency concluded that appellant was not entitled to benefits.

The District Court upon judicial review under 42 U.S.C. 405(g)[1] of the agency's final order of October 26, 1976, disposing of the December 1, 1972, application upon its merits, concluded that the agency's determination was clearly erroneous, unsupported by substantial evidence, and contrary to the overwhelming weight of the evidence. The Court therefore reversed the Secretary's decision, and ordered that disability benefits to be granted to appellant.

We affirm. The case at bar appears to be a routine judicial review pursuant to the terms of 42 U.S.C. 405(g), in which the Court, as empowered by the statute, entered "a judgment . . . reversing the decision of the Secretary," as is often done, notwithstanding the provision that the Secretary's findings "as to any fact, if supported by substantial evidence, shall be conclusive." On appeal, we are satisfied, upon independent consideration of the entire record, that the District Court was correct.

Counsel for appellant present an interesting but inapposite argument designed to demonstrate that the District Court lacked "subject-matter jurisdiction to review the Secretary's findings that plaintiff's request for a hearing on his current application was barred by administrative *res judicata* and that plaintiff failed to establish good cause to reopen the Secretary's prior determination," citing *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). *Sanders* held that the agency's refusal to reopen a prior claim is not subject to judicial review. He also cites *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977), in which we applied *Sanders* to a *res judicata* denial of disability benefits.

We conclude that the 1971 claim was reopened by the agency in the course of consideration of the 1972 claim and, accordingly, that *Sanders* and *Teague* are not

---

* Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. 42 U.S.C. 405(g) provides: "Any individual, after any final decision of the Secretary made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days . . . ."

controlling. The 1972 claim was handled initially as a "subsequent claim" in accordance with a special procedure. The Bureau of Disability Insurance denied the claim on the ground of administrative *res judicata*.[2] The claimant was then granted a hearing. The Bureau's ruling on *res judicata* was flatly rejected by an administrative law judge on October 17, 1975, after the hearing and consideration of all of the evidence. The ALJ held that all of the requirements for disability benefits were met. He awarded benefits retroactively to 1969. The only objection to his determination was a protest by the Bureau of Disability Insurance that the 1969 commencement date for the benefit payments was improper because eligibility terminated in 1968. There was no suggestion that reopening should have been denied or that the claim was barred by *res judicata*.[3]

The Appeals Council remanded the case for consideration in light of the Bureau's protest. The Council's instructions did not permit consideration on remand of the propriety of reopening the 1971 claim. The instructions were as follows:

The Appeals Council, under authority of [40 C.F.R.] Section 404.950 . . . vacates the decision of the administrative law judge and remands the case to an administrative law judge to consider the protest filed by the Bureau of Disability Insurance and for a decision and such further proceedings as the administrative law judge may consider necessary.

The regulation cited by the Appeals Council allows the administrative law judge upon remand to take only the action that is ordered by the Appeals Council and "additional action not inconsistent with the order of remand."

In view of the foregoing circumstances, we will not imply a denial of reopening. In fact, the decision of the first ALJ and the Appeals Council's limited remand indicate clearly that the 1971 claim was reopened. Accordingly, the district court had jurisdiction under 42 U.S.C. § 405(g) to review the ultimate unfavorable decision on the merits.[4]

In making its jurisdictional argument, the appellant relies heavily on the decision of the second administrative law judge, denying benefits. The appellant contends that this later decision was based on administrative *res judicata* and, accordingly, that the Appeals Council's refusal to set it aside is not reviewable in the district court. We disagree. In the first place, the decision of the second ALJ was not grounded on *res judicata*. The ALJ's conclusion of law reads in its entirety:

It is the decision of the Administrative Law Judge that based on the applications filed on February 22, 1971 and December 1, 1972, the claimant is not entitled to a period of disability commencing on or prior to June 30, 1968, or to disability insurance benefits, under sections 216(i) and 223, respectively, of the Social Security Act as amended.

This appears to be a decision on the merits. The only basis for a different interpretation is that some of the ALJ's findings of fact refer to a lack of "new and material

---

2. The administrative *res judicata* regulations are 20 C.F.R. §§ 404.937(a) (*res judicata* dismissals), 404.957 (finality and reopening of benefits determinations), 404.958 ("good cause" for reopening).

3. The reopening of the 1971 claim was reasonable. The claimant was not represented by counsel during consideration of the 1971 claim, and he was doubtless unable to understand the letter from the Bureau of Disability Insurance that gave him six months from the denial of benefits to request a hearing. The second administrative law judge found that the claimant "demonstrated a low I.Q. and intellectual attainments at probably less than his second grade academic level." The second ALJ accepted the claimant's testimony that he could read his name, if printed, and nothing else; that he could write his name, and nothing else; that he could add up to ten and count change; and that he could not subtract.

4. Moreover, a court whose jurisdiction is invoked under 42 U.S.C. 405(g) must necessarily review the administrative decision to the extent necessary to determine what issues properly fall within the scope and operation of the doctrine of administrative *res judicata*. *Leviner v. Richardson*, 443 F.2d 1338, 1343 (4th Cir. 1971).

evidence." Accordingly, the appellant's attempt to invoke *Sanders* and *Teague* is unpersuasive, and the district court had jurisdiction to consider whether the agency's denial of disability benefits was supported by substantial evidence.

■ We agree with the district court's conclusion that the agency's denial of benefits was not supported by substantial evidence, and in this respect, we adopt the reasoning of the district court. *Farley v. Califano,* (Civ.No. 76–0385–H (S.D.W.Va., Nov. 9, 1977).

The judgment of the district court is affirmed.