George ROHRICH, Jr., Appellant,

v.

Otis R. BOWEN,* Secretary of the United States Department of Health and Human Services, Appellee.

No. 85–5267.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1986.

Decided July 16, 1986.

Mark G. Schneider, Fargo, N.D., for appellant.

Jeffrey C. Blair, Asst. Chief Counsel, Fargo, N.D., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and HANSON,* * Senior District Judge.

BOWMAN, Circuit Judge.

George Rohrich, Jr. filed this application for disability benefits under the Social Security Act in October 1982, alleging that he injured his back in 1978. Rohrich previously had filed an application for disability benefits in 1979 which was denied and which he did not appeal. After the Secretary of Health and Human Services denied Rohrich benefits under the 1982 application initially and on reconsideration, he requested a hearing before an administrative law judge (ALJ). The ALJ determined that Rohrich was not disabled within the meaning of the Social Security Act because he retained residual functional capacity to perform light work. The ALJ therefore dismissed the case and the Appeals Council denied Rohrich's request to review the ALJ's decision, making it the final decision of the Secretary. Rohrich then sought judicial review by filing a complaint with the District Court pursuant to 42 U.S.C. § 405(g). The District Court reversed, finding that the Secretary's decision was "not supported by substantial evidence." *Rohrich v. Heckler*, No. A3–83–142, slip op.

---

* Secretary Bowen, Margaret M. Heckler's successor, was appointed during the pendency of this appeal and is substituted as the appellee. *See* Fed.R.App.P. 43(c).

* * The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

at 5 (D.N.D. June 18, 1984). The District Court remanded the case to the Secretary.

On remand, the Secretary awarded benefits to Rohrich retroactive to October 1981, one year prior to the date of his application. Subsequently, Rohrich returned to the District Court, claiming that he was entitled to benefits retroactive to August 1978. The Secretary asserted that he could not award benefits for a period greater than one year prior to the second application as prescribed by 42 U.S.C. § 423(b) and (c) and that the District Court had no jurisdiction to review his refusal to reopen and revise Rohrich's 1979 application. The District Court agreed with the Secretary that the benefit award was proper and that under *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the court had no jurisdiction to review the Secretary's refusal to reopen the first application. The District Court further found that the fee request submitted by Rohrich's attorney was unreasonable and awarded a reduced amount. Rohrich appeals both rulings. We affirm.

In *Califano v. Sanders*, the Supreme Court held that the statute granting authority to the federal courts to review final decisions of the Secretary "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." 430 U.S. at 107–08, 97 S.Ct. at 985. Our Court in *Jelinek v. Heckler* has indicated, however, that when a claim is "reconsidered on the merits ... it is properly treated as having been reopened as a matter of administrative discretion. Consequently, the final decision of the Secretary denying such a claim is also subject to judicial review to the extent it has been reopened." 764 F.2d 507, 508 (8th Cir.1985) (citation omitted). Rohrich contends that *Jelinek* is dispositive of the instant case because the ALJ considered Rohrich's disability from

the time of the previous application thereby reopening that application. We disagree.

■ In his decision, the ALJ discussed Rohrich's medical history from 1978 to the time of the decision. This discussion consists of a brief recapitulation of medical examinations in 1978, 1979, and 1980 and previous operations on Rohrich's lower back. This review of Rohrich's medical history does not amount to the reconsideration "on the merits" necessary to constitute a *de facto* reopening of the earlier application. These matters, rather, were simply preliminary facts required to assess rationally the question at issue, *i.e.*, whether Rohrich was disabled at the time of the second application. Thus, *Jelinek* is inapplicable in these circumstances and the District Court properly concluded that the claim is not reviewable under *Califano v. Sanders*.[1]

■ Next, Rohrich contends the District Court erred in finding his attorney's fee request of $9,129.60, an effective rate of approximately $144 an hour, unreasonable and in reducing that fee to $4,725.00. When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1). *See Fenix v. Finch*, 436 F.2d 831, 834–35 (8th Cir.1971). Rohrich does not dispute that a contingency fee arrangement does not bind a district court in its determination of a fee award. *Brissette v. Heckler*, 784 F.2d 864, 866 (8th Cir.1986). Rohrich contends, however, that the District Court failed to accord sufficient deference to the contingency fee agreement and to his continued desire to abide by that agreement. We disagree.

The District Court noted in its opinion that "in determining the reasonableness of requested fees, federal courts have considered several factors, including: the time

1. Rohrich asserts that the Secretary should have reopened his claim under the "good cause" portion of the regulation pertaining to reopening previous decisions. *See* 20 C.F.R. §§ 404.988(b), 404.989. Having concluded that the Secretary did not reopen Rohrich's earlier application because he did not address the earlier claim on its merits, we are without jurisdiction to address this contention. *Califano v. Sanders*, 430 U.S. at 107–08, 97 S.Ct. at 985–86.

reasonably expended; the novelty and difficulty of the case; the level of skill and competence required; the customary fee for like work; and the results achieved." *Rohrich v. Heckler*, No. A3–83–142, slip op. at 3 (D.N.D. June 27, 1985). After reviewing the record, the District Court concluded that the attorney's fee requested was unreasonable, and awarded a fee for 63 hours of work at $75 per hour for a total of $4,725.00. On the record before us in this case, we cannot conclude that the District Court abused its discretion and we therefore affirm the fee award.