**Naomi CARAN, Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Appellee.**

**No. 87–1372.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 6, 1987.

Decided Dec. 9, 1987.

Rehearing Denied Jan. 8, 1988.

Naomi Caran, pro se.

Paul J. Johns, Asst. U.S. Atty., Omaha, Neb., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and GIBSON, Circuit Judge.

PER CURIAM.

Naomi Caran appeals pro se the district court's [1] dismissal, and denial of her motion to reconsider that dismissal, of her action seeking judicial review of the Secretary of Health and Human Services' (Secretary) decision regarding Caran's application for widow's benefits pursuant to Title II of the Social Security Act (Act). We affirm.

In Caran's initial application for benefits, she listed her date of birth as August 15, 1922. Subsequent to the granting of benefits based on the 1922 birthdate, Caran filed for a reconsideration as to her date of birth. She claimed that her correct birthdate was August 15, 1912.[2] A full evidentiary hearing was held before an Administrative Law Judge (ALJ) who specifically found that Caran was born on August 15, 1922, that she would be age 60 on August 15, 1982, and that she would attain age 65 on August 15, 1987.

Caran requested and was denied a review of the ALJ's finding. In his notice of denial, the Secretary informed Caran of the sixty-day time period within which she could commence a civil action for judicial review of the Secretary's decision in United States District Court. On May 6, 1985 Caran requested a reconsideration of the Secretary's denial of review, or, in the alternative, an extension of time to file a civil action. The Secretary in his brief states that on July 15, 1985 he granted Caran an extension period of sixty days in which to file her civil suit. Approximately thirteen months later, on August 22, 1986, Caran was given permission to proceed in forma pauperis in federal court and her complaint for review of the Secretary's final decision was filed the same day.

The district court granted the Secretary's motion to dismiss on the ground that Caran's complaint was not filed within the sixty-day extension period granted by the Secretary. Caran sought and was denied reconsideration of this dismissal. Caran timely appeals both the dismissal of her

---

1. The Honorable C. Arlen Beam, now United States Circuit Judge, then Chief Judge, United States District Court, District of Nebraska.

2. The date of birth is important because benefits received before age 65 are based on a claimant's age at the time of his or her application. 42 U.S.C. § 402(q)(1).

suit and the denial of her motion to reconsider the dismissal.[3]  Fed.R.App.P. 4(a)(1).

Title 42 U.S.C. §§ 405(g) and (h) require that a civil action be filed within sixty days after receipt[4] of notice of a final decision by the claimant unless the Secretary extends this time period.  In the present case, the Secretary states that he did extend the time period for another sixty-day period.  However, Caran did not file her suit within the extended period.

The Supreme Court held in *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 2029–31, 90 L.Ed.2d 462 (1986), that this timely filing requirement is not jurisdictional but rather is a statute of limitations and as such will bar suit unless it is tolled.  As there are no facts pleaded or issues raised which might toll the statute, we are bound to hold that Caran's action in the district court was untimely filed and thus barred.[5]

In coming to conclusion we observe that claimant may merit some generous and sympathetic consideration.  She is an unlettered black female born at Foreman, Arkansas at a time when birth and family records were either non-existent or skimpy.  Her name was changed at least once in early childhood.  Census, school and other records of her age are at best inconclusive.  It occurs to us that someone, perhaps a specialist in the phenomena of senescence, could shed light on the question whether Caran is 65 or 75 years of age.  But we cannot do that here and now.

As indicated, the judgment of the district court is affirmed.

3. On April 2, 1987, subsequent to these instant appeals, Caran filed another motion in district court for reconsideration of the original dismissal based on new evidence.  The district court denied her motion due to lack of jurisdiction as the case was on appeal to the Eighth Circuit.  The district court also concluded that there was no merit to Caran's claim of new evidence.

4. The Secretary has promulgated regulations stating that receipt by the claimant of a final notice will be assumed to have occurred within five days of the date of the notice.  20 C.F.R. § 422.210(c).

5. In Caran's initial complaint at the district court level and in a motion dated January 16, 1987, she requested appointment of counsel.  Initially, the district court deferred ruling on Caran's request for counsel until the case was assigned to a specific judge.  Subsequently, this issue was never addressed by the district court.  Caran does not directly raise this matter on appeal.  It would be pure supposition to assume that appointment of counsel would have been beneficial, much less necessary to Caran's case on the timeliness issue.  *See Tisdale v. Dobbs*, 807 F.2d 734, 737 (8th Cir.1986) (there is no mandatory duty to appoint counsel in pro se civil cases).