Brenda BOLDEN for Gervase BOLDEN, Plaintiff–Appellee,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellant.

No. 88–2087.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 7, 1988.

Decided Feb. 9, 1989.

Rehearing Denied April 3, 1989.

Rick Richmond, Civ.Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellant.

James D. Adducci, Schuyler Roche & Zwirner, Chicago, Ill., for plaintiff-appellee.

Before CUDAHY and POSNER, Circuit Judges, and GRANT, Senior District Judge.*

POSNER, Circuit Judge.

The child of a person qualified to receive social security disability benefits who dies is entitled to survivors' benefits under the Social Security Act. See 42 U.S.C. §§ 402(d)(3), 416(h). The child need not be legitimate; but if not, the decedent must either have been living with the child or contributing to the child's support. See 42 U.S.C. § 416(h)(3)(C)(ii). In 1973 Brenda Bolden applied for survivor's benefits on behalf of her son, Gervase Bolden, claiming that his father was the recently deceased Thurman Palmore, a qualified wage earner under the Social Security Act who had been married to another woman. The records of the hospital where Gervase was born listed Palmore as the father, but the birth certificate did not, and Palmore's brother denied Palmore's paternity.

The application for benefits was denied at the lowest administrative level, and Bolden did not appeal, because—she claims—the clerks at the social security office told her that "if nobody [else] came forward [to support her claim], there was no need of [her] coming back." In 1983 Bolden again applied for survivors' benefits, this time appending a statement from Palmore's cousin that Palmore was indeed Gervase's father. The application was denied, and again she did not appeal. She applied again in 1985, this time supporting her claim with statements from several of Palmore's relatives plus a neighbor of Palmore who was also Gervase's godmother. This time the agency granted her benefits—not only for the future, but back to six months before the second application had been filed, as authorized by 42 U.S.C. § 402(j)(1)(B). However, it refused to grant benefits retroactive to 1973, when her first application had been filed.

The grant of benefits is surprising, to say the least. The record makes clear that Gervase and his mother were *not* living with Palmore when he died, and there is no evidence that Palmore ever contributed a penny to the support of Gervase. Cf. *Dubinski v. Bowen*, 808 F.2d 611 (7th Cir. 1986); *Imani v. Heckler*, 797 F.2d 508 (7th Cir.1986). So here is an example, if any is needed, that bureaucratic ineptitude can work in favor of as well as against claimants for governmental benefits. But all this is water under the bridge; the agency does not contest Bolden's entitlement to benefits.

Bolden's third application requested benefits without specifying whether she was requesting them only prospectively or also retroactively. In granting the application, however, the agency specified prospective benefits only. Bolden then filed a request for reconsideration on the issue of retroactive benefits. The agency treated this as a request to reopen the two earlier proceedings. It agreed to reopen the second (1983) proceeding, but not the first (1973). It is the agency's refusal to reopen the first proceeding that Bolden is attacking in this court.

The Social Security Act contains no provision for the reopening of closed proceedings, but the Social Security Administration has promulgated a regulation that permits such reopening within sixty days—longer if special circumstances are shown. 20 C.F.R. §§ 404.987–.989. Where reopening is sought on the basis of "new and material evidence," it is timely if sought within four years. It was on this ground that the administrative law judge to whom Bolden's request for reconsideration was assigned reopened the second proceeding, which was less than four years old. Unable to find an applicable ground for reopening a twelve-year-old proceeding, he refused to grant her benefits for the period between the first and second applications. The Appeals

* Hon. Robert A. Grant of the Northern District of Indiana, sitting by designation.

Council of the Social Security Administration affirmed.

■ Bolden sought judicial review under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), which provides that "any individual, after any final decision of the Secretary made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action commenced within sixty days." The district judge, adopting the recommendation of the magistrate to whom he had referred the parties' cross-motions for summary judgment, held that the actions of the clerks back in 1973 estopped the Social Security Administration to refuse to reopen the proceeding. The court ordered the Administration to grant Bolden benefits (amounting, we were told at argument, to some $14,000) retroactive to her 1973 application. The government has appealed. Its principal argument and the only one we need consider is that the district court had no jurisdiction to review the Social Security Administration's refusal to reopen the 1973 proceeding.

If section 205(g) were read literally, the government would have no case. The decision by the Social Security Administration (technically, by the Secretary of Health and Human Services) not to reopen the 1973 proceeding was made after a hearing, and was final; it ended Bolden's efforts to obtain retroactive benefits. However, in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Supreme Court held that "§ 205(g) cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits.... [A]n interpretation that would allow a claimant judicial review simply by filing— and being denied—a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60–day limitation upon judicial review of the Secretary's *final* decision on the *initial* claim for benefits." *Id.* at 107– 08, 97 S.Ct. at 985–86 (emphasis added). See also *Reynolds v. Bowen*, 844 F.2d 451, 454 (7th Cir.1988); *Watters v. Harris*, 656 F.2d 234, 239–40 (7th Cir.1980). In this

case, that final decision was made back in 1973 when the Social Security Administration denied Bolden's first application for benefits.

As Bolden points out, there had been no hearing in *Sanders*, and there was one here. But the language we have quoted from the Supreme Court's opinion makes as clear as clear can be that the final decision to which section 205(g) refers is (in the view of the Court, which is of course binding on us) the decision on the initial claim, not the decision refusing to reopen the earlier proceeding. The result is harsh, and contrary to the presumption of judicial reviewability of agency action that we discussed recently in *Marozsan v. United States*, 852 F.2d 1469 (7th Cir.1988) (en banc). Bolden argues that she was misled back in 1973 concerning her rights under the Social Security Act, and this is hardly an argument she could have been expected to tender within sixty days of the denial of her initial application. But we cannot find an adequate basis for distinguishing *Califano v. Sanders*, especially when the importance of having clear-cut jurisdictional lines is considered. We note, moreover, as did the Court in *Sanders*, see 430 U.S. at 108, 97 S.Ct. at 985, that the Social Security Act does not create a right to seek reopening of a proceeding. Reopening is a creature of regulation, and it happens not to mesh with the only provision that Congress made for judicial review of decisions of the Social Security Administration. Finally, we shall see at the end of this opinion that there may conceivably be an escape hatch for claimants in Bolden's position, though not in this proceeding.

There is no authority for the exception proposed by Bolden. True, in *Farley v. Califano*, 599 F.2d 606, 607 (4th Cir.1979), the Social Security Administration granted the petition to reopen, reopened the proceeding, conducted a hearing, and decided the application for benefits on the merits— and the final decision in the reopened proceeding was held to be judicially reviewable. But it was a final decision on a claim for benefits, not a decision to reopen (which would clearly not be final) or a decision not to reopen (nonfinal under *Sanders*). Many

other cases so hold, including one in this court. See *Meredith v. Bowen*, 833 F.2d 650, 653 n. 2 (7th Cir.1987); *Crady v. Secretary of Health & Human Services*, 835 F.2d 617, 620 (6th Cir.1987) (per curiam); *Coup v. Heckler*, 834 F.2d 313, 317–18 (3d Cir.1987); *Poulin v. Bowen*, 817 F.2d 865, 869 (D.C.Cir.1987); *Purter v. Heckler*, 771 F.2d 682, 693 (3d Cir.1985); *Taylor v. Heckler*, 738 F.2d 1112 (10th Cir.1984). *Farley* would be applicable to the present case if, having reopened the proceeding on Bolden's 1983 application, the administrative law judge had decided that she was not entitled to the benefits sought by that application after all.

*Jelinek v. Heckler*, 764 F.2d 507, 508–09 (8th Cir.1985), extended *Farley* to a case where the Social Security Administration had both refused to reopen the case *and* refused on the merits to grant the benefits that the applicant was seeking to obtain by the petition to reopen. As stated, this seems incoherent—how can a tribunal both refuse to consider a case and consider it? But probably the way to look at the case is as one where a final decision on the merits was rendered (after hearing) together with an alternative, nonreviewable decision not to reopen; the analogy to cases where a state court reviewing a claim by a criminal defendant that he was denied his federal constitutional rights holds both that the claim is barred procedurally and, in the alternative, that it lacks merit should be apparent. See, e.g., *Phillips v. Lane*, 787 F.2d 208, 211 (7th Cir.1986). In our case, however, the administrative law judge did not consider the merits of Bolden's 1973 application; he ruled merely that she had failed to satisfy the criteria for reopening such an old proceeding. There is no judicial review of such a decision. See *Anderson v. Heckler*, 805 F.2d 801, 805 (8th Cir.1986)—a square holding by the court that decided *Jelinek*. To the same effect as *Anderson* are *Earley v. Department of Health & Human Services*, 776 F.2d 782 (8th Cir.1985) (per curiam); *Rohrich v. Bowen*, 796 F.2d 1030 (8th Cir.1986); *Underwood v. Bowen*, 807 F.2d 141 (8th Cir.1986); *Stauffer v. Califano*, 693 F.2d 306 (3d Cir.1982). Thus we need not decide

whether we agree with *Jelinek*; even in the Eighth Circuit, Bolden would lose. In the analogous case where a state court has an independent procedural ground for refusing to review a federal claim, and in the alternative rejects it on the merits, the procedural ground would bar a federal court from reaching the merits in a habeas corpus proceeding. See, e.g., *Phillips v. Lane, supra*, 787 F.2d at 211.

■ Because the Supreme Court has held that the deadline in section 205(g) of the Social Security Act is not jurisdictional, but is merely a statute of limitations subject to equitable tolling, *Bowen v. City of New York*, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986); see also *Vernon v. Heckler*, 811 F.2d 1274, 1277–78 (9th Cir. 1987); *Hyatt v. Heckler*, 807 F.2d 376, 380–81 (4th Cir.1986); *Cleaton v. Secretary of Health & Human Services*, 815 F.2d 295, 300 n. 8 (4th Cir.1987); *Caran v. Bowen*, 834 F.2d 720 (8th Cir.1987) (per curiam), Bolden can still bring a suit under section 205(g) challenging the denial in 1973 of her first application for benefits. And in that suit she can argue that the government should be estopped by the conduct of its clerks to plead the sixty-day statute of limitations for challenging such denials. But we do not want to arouse false hopes. It is unclear whether the alleged statement by the clerks was seriously misleading (for in 1973 Bolden had insufficient evidence of paternity); even if so, it is most doubtful in light of *Schweiker v. Hansen*, 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981) (per curiam), whether the statement was sufficiently egregious to estop the government; Bolden has never shown that Palmore provided any support for Gervase, an essential prerequisite to claiming survivors' benefits; and no reason appears why she waited as long she did before seeking judicial review of the 1973 denial of benefits.

The judgment of the district court is reversed with directions to dismiss the suit for want of jurisdiction. We remark in closing our displeasure that the government, while arguing vigorously that the suit should be dismissed on this ground, failed to apprise this court of the relevant

precedents other than *Sanders* and the two Seventh Circuit decisions, *Reynolds* and *Watters*. We expect better from the Department of Justice (which represented the Department of Health and Human Services in this litigation).

REVERSED WITH DIRECTIONS.

CUDAHY, Circuit Judge, concurring:

As the majority notes, the result in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), precludes judicial review of a mere "refusal to reopen." But the *Sanders* rule does not necessarily apply to a "reopening and reconsideration on the merits," even where the ultimate result is a refusal to change the original outcome. Since the circumstances we have before us might be characterized as fitting into the latter rather than the former category, the jurisdictional question is not clear-cut. Were it not for the difficult issue which lies beyond jurisdiction—alleged estoppel against the government in a benefits case, *see Schweiker v. Hansen*, 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981) (per curiam)—the inclination to find jurisdiction here might seem pressing indeed.

In any event, there is a mushrooming body of case law on reviewability of attempted reopenings of Social Security determinations. None of this, as the majority points out, was cited to us by the parties, but a number of the pertinent cases are noted in the majority opinion,[1] and there are additional cases. I would point particularly to *McGowen v. Harris*, 666 F.2d 60, 65 (4th Cir.1981) (where any subsequent claim that has been considered on merits is substantively identical to earlier claim, earlier claim has been reopened) and related cases: *Meredith v. Bowen*, 833 F.2d 650, 653 n. 2 (7th Cir.1987) (adopting reopening

analysis of *McGowen v. Harris*); *Poulin v. Bowen*, 817 F.2d 865 (D.C.Cir.1987) (ALJ who states that claim is being "adjudicated on the merits" has reopened case); *Purter v. Heckler*, 771 F.2d 682, 696 (3d Cir.1985) (where ALJ gave claimant full hearing on merits of entire claim from time of original application, court finds "*de facto* reopening" of prior claims); *Wilson v. Califano*, 580 F.2d 208 (6th Cir.1978) (where ALJ rules on merits of disability claim for entire period of disability in reviewing second application, first application has been effectively reopened); *McGee v. Bowen*, 647 F.Supp. 1238, 1245 (N.D.Ill.1986) ("Regardless of how the ALJ labeled his actions, if he in fact considered evidence and reached a decision on the merits of the claim, ... then the old claim was reopened"); *Reinhart v. Schweiker*, 590 F.Supp. 78 (W.D. Mich.1984) (where ALJ considers merits of disability claim dating back to time of original application, original application "effectively" reopened); *Brown v. Heckler*, 565 F.Supp. 72 (E.D.Wis.1983) (where ALJ reviews old and new evidence in assessing second claim, first claim has been reopened).

Whether or not, in the case before us, the original claim was "effectively" (as opposed to formally) reconsidered on the merits seems considerably more puzzling in light of these cases than the majority opinion suggests.

---

1. Cases such as *Anderson v. Heckler*, 805 F.2d 801 (8th Cir.1986), and *Rohrich v. Bowen*, 796 F.2d 1030 (8th Cir.1986), are not completely analogous to the case before us, because they deal with disability determinations in which the earlier and later claims raise distinct issues. Thus in *Rohrich*, the court determined that any discussion by the ALJ of the claimant's condition at the time of an earlier application was simply a consideration of "preliminary facts required to assess rationally the question at issue, *i.e.*, whether Rohrich was disabled at the time of the second application." 796 F.2d at 1031. The issues are not similarly separable in the case before us, for if Palmore was Gervase Bolden's father at the time of the later application, then he surely was also Gervase's father at the time of the earlier application. The ALJ of necessity reconsidered the merits of the earlier claim when granting the later one, because the claims were identical.