948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Brenda BOLDEN, as next friend to Gervase Bolden, Plaintiff/Appellant,
v.
Louis W. SULLIVAN, Defendant/Appellee.
 No. 90-1891.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Nov. 26, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 The district court dismissed Brenda Bolden's suit which alleged that the Secretary of Health and Human Services (the "Secretary") improperly denied her son social security benefits. We affirm the district court because Bolden failed to raise any relevant arguments in her brief on appeal.
 
 
 2
 This is Bolden's second lawsuit against the Secretary. We summarized the facts and procedural history of the prior case in Bolden for Bolden v. Bowen, 868 F.2d 916 (7th Cir.1989). Thus, we will only supplement the subsequent procedural history relevant to this appeal.
 
 
 3
 In 1989, Bolden filed her second suit challenging a 1973 decision of the Department of Health and Human Services which denied her son social security benefits. The case was dismissed by the district court because of two "jurisdictional" flaws: the failure to exhaust administrative remedies in 1973 and the failure to file suit within sixty days after notice of an administrative decision as required by section 205(g) of the Social Security Act.[1] 42 U.S.C. § 205(g). Within ten days of the dismissal, Bolden served a motion to alter or amend judgment, which the district court denied. She then promptly filed a notice of appeal.
 
 
 4
 On August 24, 1990, Bolden filed a pro se brief with this court. This brief is almost an exact photocopy of a brief which an attorney wrote for the appeal of her first case.
 
 
 5
 The brief raises two issues: first, that the district court correctly applied the doctrine of estoppel, and second, that federal courts have jurisdiction to review administrative decisions not to reopen cases.
 
 
 6
 Obviously, neither of Bolden's arguments addresses the district court's grounds for dismissal. Thus, this court cannot review the merits of the district court's order to dismiss. Although pro se briefs must be construed liberally, Haines v. Kerner, 404 U.S. 519 (1972), they are not immune from judicial scrutiny. See Brooks v. Allison Division of General Motors Corp., 874 F.2d 489, 490 (7th Cir.1989). Regardless of the status of the appellant, all briefs must "contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." Fed.R.App.P. 28(a)(4). Arguments not addressed in this manner are deemed waived on appeal. Beard v. Whitley County REMC, 840 F.2d 405, 408 (7th Cir.1988).
 
 
 7
 Bolden, therefore, waived any challenge to the district court's judgment by not addressing relevant issues in her appellate brief. The decision of the district court must therefore be
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Although the district court labeled its reasons for dismissing "jurisdictional," this is a misnomer. The Supreme Court held in Bowen v. City of New York, 476 U.S. 467, 482 (1985), that exhaustion and the sixty day requirement are not jurisdictional but merely equitable rules similar to a statute of limitations. See also Bolden for Bolden v. Bowen, 868 F.2d 916, 919 (7th Cir.1989)