110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dwight M. SIMPSON, Jr.; Caroline Simpson, Petitioners,
v.
UNITED STATES of America, DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT, on Behalf of Laura R. PANTOJA, Victor
R. Pantoja and Laura L. Pantoja, Respondents.
 No. 95-4139.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1997.
 
 Before: RYAN, SILER, and BATCHELDER, Circuit Judges.
 BATCHELDER, Circuit Judge.
 
 
 1
 Petitioners seek review of the refusal by the Department of Housing and Urban Development ("HUD") to reconsider or reopen its final decision. Because we lack jurisdiction to entertain this petition, we DISMISS this appeal.
 
 I. FACTS
 
 2
 This proceeding arises out of a complaint against the petitioners, Dwight M. Simpson, Jr., and Caroline Simpson, filed with HUD in May 1992. The complaint alleged that the petitioners violated the Fair Housing Act, 42 U.S.C. § 3601 et seq., (1994), by intimidating and harassing Laura Pantoja. HUD investigated the complaint, found reasonable cause to believe the discrimination had occurred, and issued charges against the petitioners in September 1993. An amended charge was issued on December 1993, adding Pantoja's parents as complainants and adding additional claims of discrimination.
 
 
 3
 The matter was referred to a HUD Administrative Law Judge ("ALJ") pursuant to 42 U.S.C. § 3612(b) (1994). Petitioners, acting pro se, did not answer the charges, but in response to a show cause order, they raised various legal and procedural defenses. The ALJ deemed the allegations of the amended complaint admitted and scheduled a hearing on the petitioners' defenses. During the hearing, on March 24, 1994, Mr. Simpson collapsed and was taken to the Veterans Administration hospital. The ALJ sent the parties a notice reconvening the hearing on April 18, 1994. The notice advised that if illness prevented a party from attending the hearing, a motion for continuance, along with a supporting doctor's affidavit, should be filed by April 14. Petitioners did not seek a continuance and did not attend the hearing on April 18. The hearing, at which a post-hearing briefing schedule was established, was concluded in petitioners' absence. Although HUD filed a post-hearing brief the petitioners did not.
 
 
 4
 On September 9, 1994, the ALJ issued his decision, finding that the petitioners had violated the Fair Housing Act and ordering damages in the amount of $182,785 to be paid to the Pantojas, and two civil fines of $10,000 to the Secretary. Petitioners did not petition this court for review of the ALJ's decision. By letter dated October 4, 1994, and received by the Secretary on October 11, 1994, the petitioners requested that the Secretary review the ALJ's decision. In March 1995, the Secretary advised the petitioners that the request for review was denied as untimely. See 42 U.S.C. § 3612(h)(1) (1994) (requiring that the Secretary's review be completed within 30 days after the order; otherwise the order becomes final).
 
 
 5
 HUD petitioned this court to enforce the decision of the ALJ. The relevant statute provides that if an aggrieved party does not seek judicial review of an order of the ALJ within 45 days after entry of that order, in any subsequently filed petition for enforcement "the administrative law judge's findings of facts and order shall be conclusive." 42 U.S.C. § 3612(1) (1994). Because the Simpsons did not file a petition for review of the decision within the mandated 45 day period, this court summarily enforced the ALJ's order on May 10, 1995. See HUD v. Simpson, No. 95-3360, 1995 WL 283837 (6th Cir. May 10, 1995). The petitioners then moved to recall the mandate and filed a late motion for rehearing. Their motion was denied on August 7, 1995.
 
 
 6
 In September 1995, the petitioners filed a motion in the HUD proceedings pursuant to Rule 60(b)[1] seeking reconsideration or to reopen the proceedings before the agency. HUD opposed the motion, and on September 26, 1995, the ALJ denied the motion, finding that "the motion is untimely filed because jurisdiction over this matter no longer lies in this forum." Petitioners now seek review of the September 26, 1995, decision of the ALJ.
 
 II. DISCUSSION
 
 7
 In Civil Aeronautics Board v. Delta Air Lines, Inc., 367 U.S. 316 (1961), the Court considered the "power of the Civil Aeronautics Board to alter a certificate of public convenience and necessity ... after that certificate had become effective." Id. at 317. The Court concluded that because Congress had not explicitly authorized the Board to alter an effective certificate, the Board could not do so. It reasoned as follows:
 
 
 8
 Whenever a question concerning administrative, or judicial, reconsideration arises, two opposing policies immediately demand recognition: the desirability of finality, on the one hand, and the public interest in reaching what, ultimately, appears to be the right result on the other. Since these policies are in tension, it is necessary to reach a compromise in each case and petitioners have argued at length that the Board's present procedure is a happy resolution of conflicting interests. However, the fact is that the Board is entirely a creature of Congress and the determinative question is not what the Board thinks it should do but what Congress has said it can do. This proposition becomes clear beyond question when it is noted that Congress has been anything but inattentive to this issue in the acts governing the various administrative agencies. A review of these statutes reveals a wide variety of detailed provisions concerning reconsideration, each one enacted in an attempt to tailor the agency's discretion to the particular problems in the area.
 
 
 9
 Id. at 321-22 (emphasis added) (footnote and citations omitted).
 
 
 10
 The lesson of Delta has since been reaffirmed by this court:
 
 
 11
 The critical determination that must be made in questions of administrative reconsideration is the extent to which Congress afforded the agency the power of reconsideration. The courts have been reluctant to allow agencies to expand their powers of reconsideration without a solid foundation in the language of the statute.
 
 
 12
 Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1158 (6th Cir.1980); see Bolden v. Bowen, 868 F.2d 916, 918 (7th Cir.1989).[2]
 
 
 13
 Since there is no congressional authorization for HUD to reopen the proceeding in this case, the ALJ had no jurisdiction to review HUD's refusal to do so, and neither have we. Accordingly, the Simpsons' petition for review is DISMISSED.
 
 
 
 [1]
 Although FED.R.CIV.P. 60(b) does not apply in HUD proceedings, the motion can be considered as a motion to reconsider or to reopen the proceedings
 
 
 [2]
 We are aware that this court, in Belville Mining Co. v. United States, 999 F.2d 989, 997-98 (6th Cir.1993), has held that, provided reconsideration occurs within a reasonable time, and subject to certain limitations, the general rule is that an agency has inherent authority to reconsider its decision. However, in that case, we found that the agency had express statutory authority as well as authority provided by regulation to reconsider its final decision. The considerations that supported a finding that the agency also had inherent authority to reconsider its final decision are wholly absent from the case before us here