151 F.3d 1035
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James WILSON, Plaintiff-Appellant,
v.
Kenneth S. APFEL, Commissioner of Social Security, Defendant-Appellee.
 No. 97-4133.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 21, 1998.*
Decided July 21, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 97-C-665 J.P. Stadtmueller, Chief Judge.
 Before Hon. JOHN L. COFFEY, Hon. FRANK H. EASTERBROOK, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 James Wilson appeals the district court's dismissal of his social security appeal, arguing that the court did not adequately consider the merits of his claims. Wilson does not address at all, however, the district court's conclusion that it lacked subject matter jurisdiction over the appeal, a conclusion that we share. Accordingly, we affirm the district court's dismissal for lack of jurisdiction. We also deny Wilson's request that we appoint counsel to represent him.
 
 
 2
 Wilson applied for social security disability benefits, claiming that he was disabled as of August 30, 1982. In 1987, an administrative law judge (ALJ) determined that Wilson was indeed disabled, but found that the onset date was April 9, 1985. Wilson appealed this decision to the Appeals Council, which upheld the ALJ's decision on January 7, 1988.
 
 
 3
 Then, in 1996, Wilson requested that the Commissioner reexamine his case and change the description of his disability and the onset date (to 1982). The Commissioner denied the request. Wilson's subsequent request for a hearing before an ALJ was denied, a denial that was affirmed by the Appeals Council on the ground that Wilson's request to reopen the case was untimely. Wilson then filed an appeal in the district court.
 
 
 4
 There is no question that the district court lacked subject matter jurisdiction over Wilson's action. The court's power to review claims for social security benefits is solely derived from 42 U.S.C. § 405(g). In Califano v. Sanders, 430 U.S. 99, 107-08, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Supreme Court held that § 405(g) does not authorize "judicial review of alleged abuses of discretion in refusing to reopen claims for social security benefits." This court has applied Sanders in several cases. See, e.g., Diaz v. Chater, 55 F.3d 300, 305 n. 1 (7th Cir.1995) ("a decision whether to reopen a case is not subject to judicial review"); Bolden ex rel. Bolden v. Bowen, 868 F.2d 916, 919 (7th Cir.1989) (there is no judicial review of an ALJ's decision that a claimant has failed to satisfy the criteria for reopening an old determination). Even if Wilson's action were construed as an appeal of the 1988 Appeals Council decision, that would not get him any further: such appeals must be filed within 60 days of the decision, and here over nine years have elapsed. Thus, no matter how Wilson's complaint is interpreted, the district court correctly held that it had no jurisdiction over the case.
 
 
 5
 Wilson also argues that the Commissioner's original determination was fraudulent, in an effort to demonstrate that his request to reopen the decision was not untimely.[1] Again, however, Wilson's charge of fraud is foreclosed by the fact that neither this court nor the district court has jurisdiction to review the Social Security Administration's decision not to reopen.
 
 
 6
 The district court's dismissal of this case is AFFIRMED, and Wilson's request that counsel be appointed for him in this case is DENIED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The relevant federal regulation provides that a determination of benefits may be reopened within twelve months for any reason; within four years for good cause; and thereafter only if the determination was obtained by fraud, or in other enumerated circumstances not present here. 20 C.F.R. § 404.988. Wilson's request to reopen his case came eight years after the Appeals Council issued its decision