**Robert J. LEPPER, Plaintiff–Appellant,**

v.

**Joanne B. BARNHART, Commissioner of the Social Security Administration Defendant–Appellee.**

**No. 00–3193.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 2001 *.
Decided Dec. 4, 2001.

Before COFFEY, KANNE and DIANE P. WOOD, Circuit Judges.

## ORDER

The Social Security Administration ("SSA") denied Robert Lepper's request to reopen his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416 and 423. In the district court, Lepper appealed the denial of that request and also sought a writ of mandamus to compel the Commissioner of the Social Security Administration to reopen his claim. The district court denied Lepper's request for a writ of mandamus, and granted the Commissioner's motion to dismiss the action for lack of subject matter jurisdiction. Lepper appeals and we affirm.

This case has had a complicated and prolonged procedural history. Lepper first applied for benefits in September 1990, claiming that arthritis; DeQuervain's disease;[1] hypertension; and chronic pain and inflammation in his hands, wrist, and back impaired his ability to perform work-related activities. The SSA denied both

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

1. DeQuervain's disease is a painful inflammation of tendons in the thumb.

Lepper's application and his subsequent request for reconsideration. Lepper then sought review by an Administrative Law Judge, who held a hearing and found Lepper not disabled. In July 1992 the Appeals Council denied Lepper's request for review and granted him a 60–day extension of time in which to file a civil suit appealing the ALJ's decision. Lepper sought reconsideration of the denial, but the Appeals Council denied that request and in October 1992 gave Lepper an additional 60–day extension to file a civil suit. Lepper did not seek judicial review. Instead he submitted another request for review, which the Appeals Council denied in December 1992 without extending the time in which he could appeal. Lepper again did not seek judicial review. He claims that he decided not to sue based on advice he received over the telephone from an SSA employee, who purportedly told him that it would not be advisable to file a lawsuit challenging the ALJ's ruling. Because he did not file a civil suit, the denial of his application for disability benefits became final and binding in July 1992, the date that the Appeals Council denied his request for review.

In October 1993, more than a year after the denial of his first application became final and binding, Lepper filed a second application for disability insurance benefits. The SSA denied Lepper's application because his eligibility for benefits had expired in September 1991. Lepper did not seek review of this decision.

In 1995 Lepper filed a third application seeking to reopen his original 1990 claim. The SSA again denied his application. Lepper contested that ruling and requested a hearing before an ALJ in order to present evidence that his disability had worsened since 1990. The ALJ refused to grant a hearing because Lepper's additional evidence concerned his condition after his eligibility for benefits had expired; the

ALJ therefore declined to reopen Lepper's 1990 application. The Appeals Council affirmed.

In March 1996 Lepper filed his final application for disability insurance benefits, which the SSA denied. The ALJ dismissed Lepper's request for a hearing, finding that Lepper had submitted no new evidence concerning his condition before January 1992 (the date that his original application was denied) and that good cause did not exist to reopen the initial 1990 application. The Appeals Council denied Lepper's request for review.

In May 1999 Lepper filed suit in district court, seeking review of the SSA's denial of his March 1996 application for benefits and seeking a writ of mandamus to compel the SSA to reopen his claim. With regard to the SSA's denial, the district court dismissed Lepper's claim, finding that 1) this application was barred by the res judicata effect of his 1990 claim; 2) the court lacked jurisdiction over the SSA's refusal to reopen Lepper's 1990 application; and 3) Lepper's argument that the SSA should be estopped from claiming his suit was jurisdictionally barred did not overcome the clear jurisdictional limitations set by Congress. The district court also denied Lepper's request for a writ of mandamus, finding that the SSA had adequately discharged its duty to consider the additional evidence that Lepper had offered in earlier applications.

■ Lepper contends on appeal that the district court erred in finding that it lacked jurisdiction to review the SSA's refusal to reopen Lepper's 1990 application. As a general matter, however, federal courts do not have jurisdiction over the SSA's discretionary refusal to reopen a claim because such a refusal is not a "final decision" within the meaning of § 205(g) of the Social Security Act. *Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 51 L.Ed.2d 192

(1977); *Diaz v. Chater,* 55 F.3d 300, 304 n. 1 (7th Cir.1995); *Bolden v. Bowen,* 868 F.2d 916, 918 (7th Cir.1989). Although subject matter jurisdiction will exist in those cases where constitutional rights are implicated, *Sanders,* 430 U.S. at 109, 97 S.Ct. 980; *Harris v. U.S. Railroad Retirement Board,* 198 F.3d 139, 141 (4th Cir. 1999); *Campbell v. Shalala,* 988 F.2d 741, 745 (7th Cir.1993), Lepper has not raised a constitutional claim.

■ Lepper also renews his contention that the SSA should have been estopped from claiming that Lepper was barred from seeking judicial review of his 1990 application. Lepper claims that he was dissuaded from filing suit because he was given misleading information by an SSA clerk; according to Lepper, an SSA employee advised him during a phone conversation that he "probably would not want to file a civil action, because it would take a long time to be resolved or settled" and would probably require him to retain an attorney. As the district court observed, however, Lepper can point to no authority supporting his contention that estoppel principles overcome the clear jurisdictional limits set by Congress. *See Bolden,* 868 F.2d at 918 (holding that district court lacked jurisdiction to review SSA's refusal to reopen earlier claim despite appellant's argument that she was misled by SSA concerning her rights under the Social Security Act).

Moreover, Lepper's evidence regarding estoppel is unpersuasive. Lepper does not contend that the SSA employee conveyed false information or that she misled him about the consequences of his failure to file a civil action; he asserts only that he "considered her advice in deciding not to file a civil action." Lepper remained free to disregard her advice. Furthermore, Lepper was fully aware of the deadline for filing a civil action. In its refusal to review the denial of his 1990 application, the Appeals Council had explicitly granted him two 60–day extensions of this deadline. The SSA thus did not engage in an "affirmative act to misrepresent or mislead" Lepper about the deadline for filing suit. *LaBonte,* 233 F.3d 1049, 1053 (7th Cir. 2000). *See United States v. Mc Gaughey,* 977 F.2d 1067, 1074 (7th Cir.1992) (no affirmative misconduct where IRS employee did not misrepresent facts but rather misrepresented the authority of the IRS to accept the appellant's offer of compromise in a tax suit). The district court thus correctly determined that it lacked subject matter jurisdiction over Lepper's claim.

■ The district court also properly denied Lepper's request for a writ of mandamus. The district court observed that the ALJs who reviewed Lepper's applications in 1995 and 1996 both stated that they had considered the new evidence that Leper offered in support of his request to reopen his 1990 application. We agree with the district court that the ALJs evaluated Lepper's evidence in concluding that it did not relate to Lepper's condition at the time of his original application. We also agree that the ALJs, in reviewing Lepper's subsequent applications, discharged their duty to determine whether good cause existed to reopen Lepper's original 1990 application.

For the reasons given above, the judgment of the district court is

AFFIRMED.