**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2015[*]
Decided September 28, 2015

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-3711

| | |
|---|---|
| DANA B. ALFREDS, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
|     *v.* | |
| | No. 1:14-cv-01740-SEB-DKL |
| CAROLYN W. COLVIN, | |
| Acting Commissioner of Social Security, | Sarah Evans Barker, |
|     *Defendant-Appellee*. | *Judge*. |

## O R D E R

Fourteen years after the Social Security Administration granted her application for disability benefits, Dana Alfreds brought this action, ostensibly under 42 U.S.C. § 405(g), principally demanding that the agency change its diagnosis of her impairment from "delusional disorder" to "inability to handle stress." As we read her complaint, Alfreds insists that she is impaired by, not mental illness, but the physical manifestations

---

[*] The appellee was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

of stress arising from interpersonal conflict. Alfreds asserts that the agency's diagnosis has prompted community members, police officers, and even her own family to slander her name, tamper with her medication, and even try poisoning her. The district court screened the complaint, *see Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999), and dismissed before the agency was served with process. Alfreds has appealed, but her brief is mostly a photocopy of her complaint, and she doesn't identify any error by the district court.

If Alfreds had intended her complaint to serve as a challenge to the agency's disability determination, she was more than a decade too late. The Social Security Administration granted Alfreds's application for benefits in August 2000, and once that decision became final, Alfreds had only 60 days to seek judicial review. *See* 42 U.S.C. § 405(g); *Bowen v. City of New York*, 476 U.S. 467, 472 (1986). Although that 60-day limit is not jurisdictional and ordinarily would be raised as an affirmative defense, *see Day v. McDonough*, 547 U.S. 198, 205–06 (2006); *Bowen*, 476 U.S. at 478, district courts may rely on obvious affirmative defenses to dismiss complaints under § 1915(e)(2), *see Arizona v. California*, 530 U.S. 392, 412–13 (2000); *Gleash v. Yuswak*, 308 F.3d 758, 760–61 (7th Cir. 2002).

It might be possible to infer from Alfreds's complaint that she asked the Social Security Administration to *reopen* and revise the August 2000 determination but was rebuffed. But if that is what happened, Alfreds cannot seek judicial review of the agency's adverse decision. Although the agency can, in limited circumstances, reopen and revise a benefits determination at any time, *see* 20 C.F.R. § 404.987, 404.988(c), the denial of a request to reopen is not subject to judicial review, *see Califano v. Sanders*, 430 U.S. 99, 108 (1977); *Diaz v. Chater*, 55 F.3d 300, 305 n.1 (7th Cir. 1995); *Bolden ex rel. Bolden v. Bowen*, 868 F.2d 916, 918–19 (7th Cir. 1989); 20 C.F.R. § 404.903(l).

Accordingly, the judgment of the district court is AFFIRMED.