# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3277
_____

Lowell Martin, Jr.

*Plaintiff - Appellant*

v.

Frank Bisignano, Commissioner of Social Security Administration[1]

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: October 16, 2025
Filed: October 21, 2025
[Published]
_____

Before LOKEN, BENTON, and KOBES, Circuit Judges.
_____

PER CURIAM.

Lowell Martin, Jr. appeals the district court's order dismissing his complaint against the Commissioner of the Social Security Administration ("SSA") for rejecting

_____

[1]Frank Bisignano has been appointed to serve as Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

Martin's administrative appeal from the denial of continued disability benefits. Upon careful de novo review, we affirm with the following modification. See Bess v. Barnhart, 337 F.3d 988, 989 (8th Cir. 2003) (standard of review).

On January 18, 2022, SSA sent Martin a "Notice of Important Information" that he had received an overpayment of benefits because he returned to substantial gainful work within a year of becoming disabled. The Notice advised Martin he could request reconsideration of the determination or request a waiver of the overpayment. In February, Martin filed a Request for Reconsideration.

On April 4, before a decision on his Request for Reconsideration, Martin filed a request for a hearing before an administrative law judge (ALJ). On November 16, 2022, the ALJ entered an order dismissing this request because Martin had no right to a hearing before the agency acted on his Request for Reconsideration. The ALJ also recommended that the appropriate SSA component "review the file and provide additional notification to [Martin] to properly explain how it was finally and officially determined that he would not be eligible for disability benefits," and that SSA act on Martin's pending Request for Reconsideration.

Martin filed a request for review of the ALJ's dismissal order with the SSA Appeals Council, which denied the request on October 5, 2023. On February 6, 2024, Martin filed this action in the Eastern District of Missouri seeking judicial review of the Appeals Council decision. The district court granted SSA's motion to dismiss for lack of subject matter jurisdiction because denial of a request for a hearing is not a "final decision of the Commissioner . . . made after a hearing," and the complaint failed to state a claim because the action was not commenced "within sixty days after the mailing to him of notice of such decision," and he presented no facts that warrant equitable tolling of the statutory deadline. See 42 U.S.C. § 405(g).

-2-

We agree with the district court that Martin's action was untimely, and that he presented no facts to warrant equitable tolling.  See Caran v. Bowen, 834 F.2d 720, 721 (8th Cir. 1987).  But it is troubling that Martin has consistently sought review of an initial benefits eligibility decision and demand for benefits repayment after receiving notice almost four years ago; he promptly filed a Request for Reconsideration of the initial determination, as SSA suggested; and now his request for judicial review of the decision has been denied because, as a *pro se* litigant, he chose the wrong procedure to challenge SSA's failure to rule on his Request for Reconsideration.  Martin's short brief on appeal explains his view of the situation:

> SSA stated that I owed $25,000 back to them.  Whenever I called or visited the office I was rudely told that I needed to pay this amount.  After 19 months I received a payment of $36,000 out of the clear blue with no explanation. . . . My benefits were reinstated however the $36,000 was $15,000 short of what I would've earned.  I am now wanting to collect all monies owed to me. . . . SSA sent out [a] letter explaining how I was paid but it was incorrect.

To its credit, SSA's brief on appeal, while properly defending the district court's application of 42 U.S.C. § 402(g) to this situation, notes that the merits of Martin's claims can be addressed by the agency once this litigation has concluded:

> The ALJ previously dismissed Martin's request for a hearing because the agency had not yet acted on his request for reconsideration . . . . The Commissioner can represent that, once the Court issues its judgment and this litigation is brought to an end, the agency will address the reconsideration request that remained outstanding at the time Martin previously (and prematurely) sought an ALJ hearing. . . . Should Martin be dissatisfied with the reconsideration determination, he will have the right to request an ALJ hearing and ultimately seek review in federal court, assuming that he timely proceeds through the . . . review process.

Based upon the Commissioner's representation, the judgment of the district court is affirmed. We take no position on the merits of Martin's unresolved claim for additional benefits and damages. Let the mandate issue forthwith.

_____